| | | |
|---|---|---|
| Rickey B. Williams, | ) C/A No. 9:09-2486-CMC-BM | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| City of Sumter, S.C. Police Dept.; | ) | |
| Catherine Fant; | ) | |
| Patty Patterson; | ) | |
| William Noonan; | ) | |
| Angela Rabon; | ) Report and Recommendation | |
| Kevin Sargent; | ) for Partial Summary Dismissal | |
| L. Irene Culick; | ) | |
| Marcus Johnston; | ) | |
| John Litaker; | ) | |
| Debra Finley; | ) | |
| John Chestnut; | ) | |
| Each in Their Respective Individual and Official | ) | |
| Capacities, | ) | |
| | ) | |
| Defendants. | ) | |

The Plaintiff, Rickey B. Williams, proceeding *pro se*, brings this action pursuant to 42 U.S.C.

§ 1983. Plaintiff is an inmate at the Kershaw Correctional Institution, a facility of the South Carolina

Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915.

The complaint names several police officers, a prosecutor, and two private individuals as

Defendants.[1] One of the Defendants, Catherine Fant, is entitled to dismissal as a party Defendant.

In an order entered contemporaneously with this report and recommendation, service of process is

authorized upon the remaining Defendants.

---

[1] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner
seeks redress from a governmental entity or officer or employee of a governmental entity."



<u>Pro Se and *In Forma Pauperis* Review</u>

Under established local procedure in this judicial district, a careful review has been made of

the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A;

the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the

following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319,

324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*,

64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Hughes*

*v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. at

519; *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978).

Even when considered under this less stringent standard, however, it is readily apparent Catherine

Fant is entitled to dismissal as a party Defendant. The requirement of liberal construction does not

mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim

currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir.

1990).

<u>Background</u>

Plaintiff alleges that, on or about December 11, 2005, he was accused of Criminal Sexual

Conduct (CSC), first degree. (Complaint, page 7, ¶ 18). Plaintiff was arrested on December 13,

2005, and released from jail on a surety bond. However, Plaintiff indicates he was re-arrested the

following day and charged with kidnapping. Plaintiff then remained in jail until his trial.

(Complaint, page 8, ¶'s 23, 24). Plaintiff was indicted for CSC, first degree, and kidnapping and

tried before a jury in March of 2007, resulting in a mistrial. Plaintiff was subsequently indicted on



an additional Burglary charge and received a second jury trial in April of 2007. Plaintiff states he "was acquitted of the CSC charge" at that time. (Complaint, pages 8-9, ¶ 25).

Plaintiff claims that the Defendant Catherine Fant, an Assistant Solicitor in Sumter County, abused her authority by "bringing charges that they knew or should have known were false against plaintiff, prosecuting him of said offenses, and providing an inadequate basis for the initiation and continuing prosecution of the charge in question . . . ." (Complaint, page 11, ¶'s 33, 34). Plaintiff also alleges that Defendant Fant was involved in a conspiracy to "misrepresent the facts at trial to falsely convict" Plaintiff. (Complaint, page 11, ¶ 37). Plaintiff seeks monetary damages for Defendant Fant's actions.[2]

## Discussion

Plaintiff files the instant action under 42 U.S.C. § 1983, alleging violation of his constitutional rights by Defendant Fant. In order to state a cause of action under § 1983, a plaintiff must allege that: *(1)* "some person has deprived him of a federal right", and *(2)* "the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). *See also* 42 U.S.C. § 1983; *Monroe v. Pape*, 365 U.S. 167, 171 (1961). However, Defendant Fant, as the Assistant Solicitor who prosecuted his case, is immune from suit under § 1983. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors; *see* S.C. CONST. art. V, § 24; S.C. CODE ANN. § 1-7-310 (1976); and as such have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Van de Kamp*

---

[2] In his complaint, Plaintiff also alleges facts against the other Defendants named in this action. Those facts have not been recited herein because this report and recommendation does not apply to those Defendants.



3

*v. Goldstein,* 129 S.Ct. 855, 861 ( 2009)("we have held that absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence in support of a search warrant" (citations omitted)). *See also Buckley v. Fitzsimmons,* 509 U.S. 259 (1993); *Burns v. Reed,* 500 U.S. 478 (1991); *Imbler v. Pachtman,* 424 U.S. 409 (1976); *Dababnah v. Keller-Burnside,* 208 F.3d 467 (4th Cir. 2000). Since Plaintiff sues the Defendant Fant for actions taken during the prosecution of his criminal CSC case, this Defendant has absolute immunity insofar as her prosecutorial actions are concerned. Therefore, Plaintiff's claims against her are barred from suit under § 1983, and Fant should be dismissed as a party Defendant in this case.

<u>Recommendation</u>

Accordingly, it is recommended that the Court summarily dismiss Catherine Fant from this lawsuit *without prejudice* and without issuance and service of process. Process shall issue for service on the remaining Defendants.

November 13, 2009
Charleston, South Carolina

Bristow Marchant
United States Magistrate Judge

**<u>The Plaintiff's attention is directed to the important notice on the next page.</u>**

4

p4

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

