IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Rickey B. Williams, ) | C/A NO. 3:09-2486-CMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| City of Sumter, S.C. Police Dept.; ) | |
| Catherine Fant; Patty Patterson; William ) | |
| Noonan; Angela Rabon; Kevin Sargent; ) | |
| L. Irene Culick; Marcus Johnston; John ) | |
| Litaker; Debra Finley; and John Chestnut, ) | |
| each and respectively in th[eir] individual ) | |
| and official capacities, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983. Plaintiff has filed a motion for reconsideration of the order dismissing Defendant Catherine Fant. Dkt. # 82 (filed Sept. 3, 2010). Plaintiff contends that Fant should not have been dismissed from this action because prosecutorial immunity "does not protect [her] when [she] stray[s] beyond the jurisdictional limits." Mot. at 1.

Prosecutors are absolutely immune from suit when acting as an advocate for the state by engaging in conduct that is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [her] role as an advocate for the State, are entitled to the protection of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

Plaintiff's allegations in his complaint regarding Fant's actions fall squarely into the category

1

of actions for which she is immune.

Therefore, Plaintiff's motion for reconsideration is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 8, 2010