IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Rickey B. Williams, | ) | C/A No. 3:09-2486-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND** |
| City of Sumter Police Department; Patty | ) | **REPORT AND RECOMMENDATION** |
| Patterson; William Noonan; Angela Rabon; | ) | |
| Kevin Sargent; L. Irene Culick; Marcus | ) | |
| Johnston; John Litaker; John Chestnut, each | ) | |
| and respectively in their individual and official | ) | |
| capacities; Debra Finley a/k/a Foucha Brown, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Rickey B. Williams ("Williams"), a self-represented state prisoner, filed this civil rights matter pursuant to 42 U.S.C. §1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Defendant Noonan's motion for summary judgment (ECF No. 55), as well as a motion for summary judgment filed by Defendants Culick, Johnston, Litaker, Patterson, Rabon, Sargent, and the City of Sumter Police Department (ECF No. 51). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Williams was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motions. (ECF Nos. 53 & 57.) Williams filed a response in opposition. (ECF No. 60.) Additionally, Williams has filed motions for summary judgment as to Defendants Chestnut and Finley (ECF Nos. 88 & 89) as well as a motion for default judgment as to Defendant Finley (ECF No. 70). Having carefully considered the

parties' submissions and the applicable law, the court finds that the defendants' motions should be granted and Williams's motions be denied.

## OTHER MOTIONS

Before turning to the potentially dispositive motions, the court observes that after many of the defendants filed their motions for summary judgment, Williams filed another motion to amend his complaint seeking to add defendants. (ECF No. 94.) By order entered February 3, 2010, the Honorable Bristow Marchant, United States Magistrate Judge, granted a previous motion by Williams to amend the complaint. (Order, ECF No. 36.) Judge Marchant's order specifically stated that no further amendments would be permitted absent a showing of extraordinary circumstances. (Id. at 2.) As Williams has not shown, or even alleged, such circumstances in the instant motion, it is hereby denied. Additionally, in light of the court's below recommendation, Williams's motion for subpoenas (ECF No. 79) is denied.

## BACKGROUND

This matter arises out of Williams's arrest and subsequent trials on charges of criminal sexual conduct ("CSC"), kidnapping, and burglary. Williams was arrested in December 2005 on the CSC and kidnapping charges pursuant to arrest warrants signed by a local magistrate based on affidavits from two of the named defendant police officers. Subsequently a grand jury returned indictments against Williams on those charges. Williams's first trial resulted in a mistrial on the CSC and kidnapping charges. Following the mistrial, Williams was indicted for burglary stemming from the same incident. At his second trial, Williams was acquitted of the CSC charge but convicted of burglary. He is currently serving a sentence of imprisonment on that charge. The kidnapping charge is still pending against Williams, since both of Williams's trials on that charge resulted in a mistrial.



In this action, Williams sues Defendants Rabon, Sargent, Culick, Johnston, and Litaker, who are police officers of the City of Sumter Police Department, as well as Patty Patterson, the City of Sumter Police Chief, and the City of Sumter Police Department itself ("City Defendants"); William Noonan, the Sumter County Administrator; Debra Finley a/k/a Foucha Brown, the victim of the alleged crimes; and John Chestnut, a witness.[1] Liberally construed, Williams's Complaint appears to raise claims pursuant to 42 U.S.C. § 1983 alleging that all of the defendants violated his constitutional rights. He also asserts numerous state law claims.

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over

---

[1] Defendant Catherine Fant, the prosecutor in Williams's case, was previously dismissed from this action by order dated August 26, 2010. (Order, ECF No. 80.)



facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Defendant Noonan**

Noonan is entitled to summary judgment because he has presented unrefuted evidence[2] that as the administrator of Sumter *County*, he had utterly no involvement with the events alleged by Williams regarding the actions of police officers of the *City* of Sumter and has no supervisory authority or responsibility for any employees of the City. (Noonan Aff. ¶¶ 1-3, 5, ECF No. 55-2 at 1); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001) (indicating that personal participation of a defendant is a necessary element of a constitutional

---

[2] Although Williams has filed lengthy memoranda with the court regarding the pending motions in this matter, his responses fail to address any of the arguments raised in Defendant Noonan's motion.



violation claim against a government official in his individual capacity); see also 42 U.S.C. § 1983 (extending liability to "[e]very person who . . . *causes* [any citizen of the United States] *to be subjected* . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . .") (emphasis added).

C.      Section 1983 Claims Against the City Defendants

To prevail on a claim pursuant to § 1983, a plaintiff must show: (1) that he or she was injured; (2) by the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States; (3) by a person acting under color of state law. See 42 U.S.C. § 1983. As an initial matter, Defendant City of Sumter Police Department cannot be considered a "person" for purposes of § 1983. Terrell v. City of Harrisburg Police Dep't, 549 F. Supp. 2d 671 (M.D. Pa. 2008) ("It is well-settled that police departments operated by municipalities are not "persons" amenable to suit under § 1983."); Petaway v. City of New Haven Police Dep't, 541 F. Supp. 2d 504, 510 (D. Conn. 2008) ("[A] municipal police department is not subject to suit under section 1983 because it is not an independent legal entity."); Buchanan v. Williams, 434 F. Supp. 2d 521, 529 (M.D. Tenn. 2006) (concluding that "police departments are not 'bodies politic' " and therefore are not persons subject to action under § 1983). Moreover, the other City Defendants rightly point out that they are entitled to judgment as a matter of law because Williams has identified no official policy or custom of the City that is unconstitutional. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978). Rather, Williams, apparently recognizing the necessity to allege a policy or custom to establish a § 1983 claim against these defendants, argues with no support whatsoever that the City had a policy of conducting illegal seizures. This bald statement appears to be based solely on Williams's allegations regarding his December 2005 arrest. See Campbell v. Miller, 499 F.3d



711, 720 (7th Cir. 2007) (finding no evidence in the record that the local police officers' actions were influenced in any way by the City's policy or practice and finding that when the decision to engage in the challenged conduct was made by the officers alone, liability of the City under § 1983 is precluded). To the extent that Williams's claim is based on the failure of the City of Sumter or any of its officials to train the City's employees, the City is not a defendant to this action. Cf. City of Canton v. Harris, 489 U.S. 378, 388 (1989). Therefore, that claim is not properly before the court. Moreover, because local government liability cannot rest on a *respondeat superior* theory, Defendants Patterson is entitled to summary judgment to the extent Williams relies on that theory. See Monell 436 U.S. at 691-92, 694 n.58. Additionally, because Williams has not alleged any personal involvement on the part of Defendant Patterson in the events of which he complains, any § 1983 claim against this defendant also fails. See Iqbal, 129 S. Ct. at 1949.

Moreover, Williams's claim based on a Fourth Amendment false arrest is barred by the applicable statute of limitations. While there is no federal statute of limitations for actions arising under 42 U.S.C. § 1983, it is well settled that the limitations period for § 1983 claims is to be determined by the analogous state law statute of limitations. See, e.g., Wallace v. Kato, 549 U.S. 384, 387 (2007); Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1161 (4th Cir. 1991). Here, South Carolina law provides for a two-year limitations period on such claims as are raised here.[3]

---

[3] Although Williams argues that he is entitled to a three-year limitations period under the South Carolina Tort Claims Act because he filed a verified claim with the City of Sumter pursuant to S.C. Code Ann. § 15-78-80, the court notes that this limitations period would apply only to his state tort claims. See infra Part E. Moreover, Williams's verified claim was insufficient to extend the limitations period because (1) he filed it with the wrong agency, and (2) it appears that his verified claim was not filed within the first year of the limitations period. S.C. Code Ann. § 15-78-80(a), (d). Accordingly, Williams cannot benefit from the extended limitations period in any event. Finally, even if he could, he did not file this action within three years, despite his contention to the contrary. (See Compl., ECF No. 1 (filed September 21, 2009)).



S.C. Code Ann. § 15-3-550(1). As the Complaint was not filed until September 21, 2009, Williams is untimely in asserting this claim.[4]

Moreover, any Fourth Amendment claim based on false arrest or malicious prosecution fails as a matter of law. To establish a § 1983 claim based on a Fourth Amendment violation for false arrest or imprisonment, a plaintiff must show that the seizure was effected without probable cause. See Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002); Brooks v. City of Winston-Salem, 85 F.3d 178, 183 (4th Cir. 1996). Thus, there is no § 1983 claim for false arrest unless the officer lacked probable cause. See Street v. Surdyka, 492 F.2d 368, 372-73 (4th Cir. 1974). An arrest made pursuant to a facially valid warrant will not support a claim for false arrest under the Fourth Amendment. See Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998). Similarly, a Fourth Amendment malicious prosecution claim essentially incorporates the elements of the analogous common law tort, Lambert v. Williams, 223 F.3d 257 (4th Cir. 2000), including a lack of probable cause. See Burrell v. Virginia, 395 F.3d 508, 514 (4th Cir. 2005).

Here, Williams was arrested pursuant to a facially valid warrant. (ECF No. 51-2 at 22-23.) Additionally, he was ultimately indicted by a grand jury on three charges stemming from the incident that led to his arrest. (ECF No. 51-2 at 33 & 33); see Gerstein v. Pugh, 420 U.S. 103, 117 n.19 (1975) (holding that "an indictment, fair on its face, and returned by a properly constituted grand jury, conclusively determines the existence of probable cause"). He was convicted beyond a

---

[4] The defendants assert that the action was commenced in November of 2009, apparently relying on the date of service. However, the commencement of federal claim is determined by the date the Complaint is filed. See Fed. R. Civ. P. 3; see also Houston v. Lack, 487 U.S. 266, 270-71 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court). In any event, the docket shows that the Complaint was filed well after three years following Williams's arrest.



reasonable doubt as to the burglary charge and is serving a sentence of incarceration for that offense. See Barna v. City of Perth Amboy, 42 F.3d 809, 819 (3d Cir. 1994) ("Probable cause need only exist as to any offense that could be charged under the circumstances."). Thus, Williams cannot show that he sustained any injury as a result of any misconduct by the defendants, even if he could show any. See 42 U.S.C. § 1983.

Williams's contention that the arrest warrant was invalid because it was falsely procured is entirely unsupported. To prevail on this argument, Williams must show that the officers who obtained the warrants deliberately or with "a reckless disregard for the truth" made material false statements in their affidavits, or omitted from the affidavits "material facts with the intent to make, or with reckless disregard of whether they thereby made, the affidavit misleading." Miller v. Prince George's Cnty., 475 F.3d 621, 627 (4th Cir. 2007) (internal quotation marks and citation omitted); see also Franks v. Delaware, 438 U.S. 154 (1978). To establish "reckless disregard," a plaintiff must show that the officer acted "with a high degree of awareness of [a statement's] probable falsity" and that "viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported." Id. at 627 (internal quotation marks and citation omitted) (alterations in original). Alternatively, he may show that the officer "failed to inform the judicial officer of facts [the officer] knew would negate probable cause." Id. (internal quotation marks and citation omitted). The false statements or omissions must be *material*—that is, "necessary to the [judicial officer's] finding of probable cause." Id. at 628 (internal quotation marks and citation omitted). To determine materiality, a reviewing court must "excise the offending inaccuracies and insert the facts recklessly omitted, and then determine whether or not the 'corrected' warrant affidavit would establish probable cause." Id. (internal

PJG

quotation marks and citation omitted). Although officers are not required to "exhaust every potentially exculpatory lead or resolve every doubt about a suspect's guilt before probable cause is established," Torchinsky v. Siwinski, 942 F.2d 257, 264 (4th Cir. 1991), they may not intentionally lie in their affidavits or recklessly include or exclude material information known to them. Miller, 475 F.3d at 630.

Here, Defendant Culick relied upon written statements by the alleged victim, whom she deemed to be credible, as well as another witness. She had grounds to reasonably believe that Williams had committed the crimes alleged, and Williams has presented no evidence that she intentionally lied or recklessly made material omissions to obtain the arrest warrant. Although Williams argues that a victim's statement is not alone sufficient to establish probable cause and that the defendants were required to corroborate it before probable cause could exist, this argument is misplaced absent some showing that the defendants had evidence or information that the victim was not credible. See, e.g., Pasiewicz v. Lake Cnty. Forest Preserve Dist., 270 F.3d 520, 524 (7th Cir. 2001) ("When probable cause has been gained from a reasonably credible victim or eyewitness, there is no constitutional duty to investigate further.").

**D.     Defendants Finley and Chestnut**

With regard to defendants Finley and Chestnut, Williams primarily asserts state law claims against these defendants. However, Williams appears to allege that these defendants conspired with Culick to violate his constitutional rights. Williams contends this conspiracy caused Williams to be falsely arrested and maliciously prosecuted.

To establish a conspiracy under § 1983, a plaintiff must present evidence that the defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy, which



resulted in deprivation of a constitutional right. Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996). The plaintiff "must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective." Id. Further, the "[i]ndependent acts of two [or more] wrongdoers do not make a conspiracy." Murdaugh Volkswagon v. First Nat'l Bank, 639 F.2d 1073, 1075-76 (4th Cir. 1981). When a plaintiff makes only conclusory allegations of a conspiracy and fails to demonstrate any agreement or meeting of the minds among the defendants, no claim will lie. See Woodrum v. Woodward County, Okla., 866 F.2d 1121, 1126-27 (9th Cir. 1989); Ruttenberg v. Jones, 283 Fed. Appx. 121, 131-32 (4th Cir. 2008) (unpublished).

Any claim Williams may be asserting against Finley and Chestnut for a § 1983 conspiracy fails because, for the reasons discussed above, Williams cannot demonstrate that his constitutional rights were violated. Therefore, Williams cannot prove an essential element of a claim for conspiracy under § 1983—that he was deprived of a constitutional right. Accordingly, Williams has failed to establish any federal cause of action against these defendants.

**E.     Other Allegations**

To the extent that Williams's Amended Complaint may be construed to allege any other constitutional violations, the court finds that Williams has failed to plead sufficient facts to state a plausible claim. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). Further, because Williams's § 1983 claims against the defendants fail as a matter of law, the court recommends that supplemental jurisdiction over any state law not be exercised pursuant to 28 U.S.C. § 1367(c).

**RECOMMENDATION**

For these reasons, the court recommends that the motions for summary judgment filed by Defendant Noonan (ECF No. 55) and the City Defendants (ECF No. 51) be granted. Further, in light of the court's finding that Williams's constitutional claims fail as a matter of law and recommendation that supplemental jurisdiction over any of his state law claims not be exercised, the court also recommends that Williams's motions against Finley and Chestnut (ECF Nos. 70, 88, & 89) be denied.

                                                                                                               _____
                                                                                                                Paige J. Gossett
                                                                                                                UNITED STATES MAGISTRATE JUDGE

January 31, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).