IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Rickey B. Williams, ) | C.A. No. 3:09-2486-CMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| City of Sumter Police Department; Patty ) | |
| Patterson; William Noonan; Angela Rabon; ) | |
| Kevin Sargent; L. Irene Culick; Marcus ) | |
| Johnston; John Litaker; John Chestnut, each ) | |
| and respectively in their individual and ) | |
| official capacities; Debra Finley a/k/a ) | |
| Foucha Brown, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On January 31, 2011, the Magistrate Judge issued a Report recommending that the motions of Defendants Noonan, Culick, Johnston, Liktaker, Patterson, Rabon, Sargent, and the City of Sumter Police Department for summary judgment be granted, and that the court decline to exercise supplemental jurisdiction over any remaining state law claims in this matter. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if they failed to do so. Plaintiff filed objections to the Report on February 18, 2011.

The Magistrate Judge makes only a recommendation to this court. The recommendation has

1

no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusion of the Report. Therefore, the court adopts the Report except for the discussion relating to the applicable statute of limitations regarding Plaintiff's § 1983 claim.

Plaintiff's objections are reargument of the issues considered and rejected by the Magistrate Judge.[1] Despite Plaintiff's protestations to the contrary, it cannot be said that officers did not have probable cause to seek a warrant for Plaintiff's arrest. Not only did officials have the statements of the victim and a witness who they deemed reliable, but the DNA evidence showed a match to Plaintiff's DNA. Therefore, Plaintiff's objections are without merit.

All Defendants except Chestnut (and Finley, who has not answered in this matter), raise as a defense that the "applicable" statute of limitations has expired. *See* Ans. to Amd. Compl. at ¶ 51

---

[1] Plaintiff also addresses the denial by the Magistrate Judge of his second motion to amend the complaint. Since Magistrate Judge Gossett's ruling concerned a nondispositive matter, the ruling will be set aside only if it was "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); see *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948) (under "clearly erroneous" standard, the reviewing court must affirm unless it "on the entire evidence is left with the definite and firm conviction that a mistake has been committed"). Magistrate Judge Gossett's order was not clearly erroneous or contrary to law and it is, accordingly, affirmed.

(Dkt. #41, filed Feb. 8, 2010). The Magistrate Judge determined that the applicable statute of limitations for this matter was two years, citing S.C. Code Ann. § 15-3-550(1), the South Carolina Code section relating to certain intentional torts. Plaintiff argues in his objections that the applicable statute of limitations is found at S.C. Code Ann. § 15-5-540(1), the South Caroline statute of limitations applicable to actions against "a sheriff, coroner or constable upon a liability incurred by the doing of an act in his official capacity . . . ."[2] Plaintiff's argument, though misplaced, points to an infirmity in the Magistrate Judge's analysis of the applicable statute of limitation for § 1983 actions.

As correctly noted by the Magistrate Judge, there is no federal statute of limitations for actions under § 1983, and it is well settled that the limitations period for § 1983 claims is to be determined by the analogous state law statute of limitations. The seminal case regarding this issue is *Wilson v. Garcia*, 471 U.S. 261 (1985). In *Wilson*, the United States Supreme Court addressed a § 1983 case that had been filed in New Mexico. The United States District Court for the District of New Mexico decided that the case was time barred after applying the two-year statute of limitations set forth in the New Mexico Tort Claims Act. *Wilson*, 471 U.S. at 263. The plaintiff appealed the District Court's decision, and the Court of Appeals for the Tenth Circuit overruled the District Court, finding that "the appropriate statute of limitations for § 1983 actions brought in New Mexico was the 3-year statute applicable to personal injury actions." *Id*. at 265. In reaching this decision, the Tenth Circuit reasoned that a § 1983 cause of action "is, in reality, 'an action for injury to personal rights,' and that '[h]enceforth, all § 1983 claims in [the Tenth] circuit will be uniformly so

---

[2]A suit against a Sheriff, coroner, or constable relating to an action taken in his or her official capacity is treated as an action against the State, and would be barred in this court under the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989).

3

characterized for statute of limitations purposes." *Id*.

Recognizing a split of authority among the circuit courts in the method of calculating the applicable statute of limitations for § 1983 claims, the Supreme Court found the Tenth Circuit's reasoning to be persuasive and affirmed the Tenth Circuit's ruling. *Wilson*, 471 U.S. at 266. Ultimately, the Supreme Court determined that § 1983 claims are best characterized as personal injury actions, and therefore, the analogous state statute of limitations for personal injury claims is the most appropriate statute of limitations. *See generally*, *Wilson*.

The Supreme Court subsequently addressed the same issue in an effort to clarify its opinion in *Wilson*. In *Owens v. Okure*, 488 U.S. 235 (1989), the Supreme Court held that

> In *Wilson*, we sought to end this "conflict, confusion and uncertainty." Recognizing the problems inherent in the case-by-case approach, we determined that 42 U.S.C. § 1988 requires courts to borrow and apply to all § 1983 claims the most analogous state statute of limitations. We concluded, based upon the legislative history of § 1983 and the wide array of claims now embraced by that provision, that § 1983 "confer[s] a general remedy for injuries to personal rights." Because "§ 1983 claims are best characterized as personal injury actions," we held that a State's personal injury statute of limitations should be applied to all § 1983 claims.

*Owens*, 488 U.S. at 240-41 (internal citations omitted).

In *Owens*, the Supreme Court concluded that, "our task today is to provide courts with a rule for determining the appropriate personal injury limitations statute that can be applied with ease and predictability in all 50 states." *Id*. at 243. The Court further stated that, "[a] rule endorsing the choice of the state statute of limitations for intentional torts would be manifestly inappropriate." *Id*. "In marked contrast to the multiplicity of state intentional tort statutes of limitations, every State has one general or residual statute of limitations governing personal injury actions." *Id*. at 245.

In South Carolina, the general or residual statute of limitations for personal injury claims is codified at S.C. Code Ann. § 15-3-530(5), which provides that the statute of limitations is three

4

years for "an action for assault, battery, or any injury to the person or rights of another, not arising on contract and not enumerated by law . . . ." This statute of limitations has been held to be the applicable statute of limitations for § 1983 claims in the United States District Court for the District of South Carolina in several cases. *See*, *e.g.*, *Huffman v. Tuten*, 446 F. Supp. 2d 455 (D.S.C. 2006); *Ward v. Parole, Probation, and Pardon Bd.*, 2007 WL 3377163 (D.S.C. 2007) (unpublished); *Rowe v. Hill*, 2007 WL 1232140 (D.S.C. 2007) (unpublished).

While it can be argued that there are two other analogous statutes of limitations in South Carolina for § 1983 claims involving alleged false arrest (the South Carolina Tort Claims Act two-year statute of limitations codified at S.C. Code Ann. § 15-78-110 and the South Carolina two-year statute of limitations for libel, slander and false imprisonment codified at S.C. Code Ann. § 15-3-550), the United States Supreme Court's holdings in *Wilson* and *Owens* instruct otherwise.[3] Therefore, the court finds that South Carolina's statute of limitations regarding general or residual personal injury claims applies to § 1983 claims arising in South Carolina. As relates to the matter before the court, Plaintiff had three (3) years in which to file a § 1983 action in this court, which he did not do. Therefore, absent a circumstance warranting tolling (which Plaintiff does not present), his complaint was not timely filed.

With this additional explanation, the court **grants** the summary judgment motions of Defendants City of Sumter Police Department, Patterson, Noonan, Rabon, Sargent, Culick, Johnston, and Litaker as to Plaintiff's federal claims. The court also dismisses any federal claims against Defendants Chestnut and Finley, as Plaintiff has failed to state a federal cause of action against these

---

[3]In *Owens*, the Supreme Court referred to the South Carolina statute of limitations for libel, slander and false imprisonment, codified at S.C. Code Ann. § 15-3-550, as not being applicable to a § 1983 action. *See Owens*, 488 U.S. at 244 n.8.

5

Defendants.

The court declines to exercise supplemental jurisdiction over any remaining state law claims, and to the extent they are properly asserted, they are dismissed without prejudice.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 23, 2011